UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY MAHONEY,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, Postmaster General, United States Postal Service,<br><br>    Defendant. | No. C 11-00177 MEJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>(Docket No. 8) |

## I. INTRODUCTION

Plaintiff Shirley Mahoney ("Plaintiff") alleges that Defendant Patrick Donahoe, Postmaster General, United States Postal Service ("Defendant"), violated Title VII by discriminating against her because of her race, sex, disability and age. Now before the Court is Defendant's Motion to Dismiss and Motion to Strike. Dkt. No. 8. The Court finds this matter suitable for disposition without a hearing and VACATES the August 4, 2011 hearing. Civil Local Rule 7-1(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's motion.

## II. BACKGROUND

The following background is taken from Plaintiff's First Amended Complaint ("FAC"). Dkt. No. 7. Plaintiff was a Distribution Clerk in the Oakland, California Postal Service Plant. FAC ¶ 6. She is an African-American woman, born on November 16, 1948. *Id.* Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § § 2000e, *et seq.* FAC ¶¶ 1, 2. She alleges that "Defendant's conduct was discriminatory with respect to the following: race, Age, Disability and sex." *Id.* ¶ 3.

1    Plaintiff alleges that she sustained an on-the-job injury to her back and neck, and was
2 diagnosed with "Low Back Disc Herniation and Aggravated Cervical Disc Displacement." *Id.* ¶
3 7. As a result of her disability, she was characterized as a "Limited Duty/Lighty [sic] Duty"
4 employee requiring reasonable accommodation by Defendant. *Id.* ¶ 8.

5    In 1999, Plaintiff contacted Eleanor Lethridge, Defendant's Injury Comp. Specialist, to
6 request an accommodation. *Id.* ¶ 10. She was subsequently assigned to a modified Clerk's
7 position in Operations Support, where she worked until November 14, 2008. *Id.* Plaintiff
8 alleges that she was not paid equal wages for the position because she took over the position
9 from a supervisor, trained two supervisory level employees during her time in the position, and
10 "deserved premium pay," yet Defendant hid her "real duties," failing to list any higher level
11 tasks and "made an appearance of Plaintiff only doing clerical duties." *Id.* ¶¶ 22, 24, 25.

12    On November 14, 2008, Plaintiff received a letter from the Plant Manager, Rick Blancas,
13 directing her to report back to the mail processing unit, where she had sustained her injuries. *Id.*
14 ¶ 11. Plaintiff alleges that she requested a position that would accommodate her disability, but
15 the agency never responded to her request. *Id.*

16    After her transfer, Plaintiff states that she received a directive declaring her a "full duty
17 employee," provided with a list of jobs, and told to either apply for one or be assigned to one of
18 them. *Id.* ¶ 13. Plaintiff alleges that all of the jobs required heavy lifting, prolonged standing,
19 bending, stooping, and reaching, which all exceeded her limitations. *Id.* She states that she
20 never received a response to her request for an accommodation. *Id.*

21    Plaintiff alleges that she received two additional requests to apply for jobs outside her
22 limitations, at which point she realized that Defendant would not provide an accommodation for
23 her. *Id.* ¶ 15. As a result, she became "stressed out and nervous," "lost half of the hair on her
24 head," and "was given no alternative but to retire." *Id.*

25    Plaintiff filed an EEO complaint dated September 15, 2009, in which she alleged ongoing
26 discrimination from 1999 to the date of the complaint. Rutter Decl. Ex. A, Dkt. No. 9. The
27 Postal Service accepted part of the complaint and dismissed part of the complaint for
28 investigation. *Id.* Ex. B. Specifically, the Postal Service accepted Plaintiff's claims that she had

been denied higher level pay since April 21, 2009, and that on June 4, 2009, she received a letter saying that she would be reassigned to a residual position and was forced to bid on a position she could not medically perform. *Id.* Ex. B at 2. The Postal Service denied Plaintiff's claims that she was denied higher level pay from 1999 to April 20, 2009, and that from 1999 to January 2009, she was not paid overtime, holiday pay or night differential and was never issued a blue supervisor badge nor had her name placed in the official telephone book. *Id.* Those claims were dismissed for being untimely under 29 C.F.R. § 1614.105(a)(1), because Plaintiff did not initiate contact with an EEO counselor until June 5, 2009, more than 45 days after the dates of the alleged discriminatory acts. *Id.* at 3.

The Postal Service informed Plaintiff that she did "not have the right to appeal this decision at this time," citing 29 C.F.R., Part 1614.107, but told her that she had "the right to submit a statement for the record providing your position of this dismissal." *Id.* at 5. The Postal Service further stated, "If you disagree with the Postal Service's reasons for dismissing this issue, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issue will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing." *Id.* Finally, the Postal Service said, "If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeals rights." *Id.* at 6. The Postal Service explained that Plaintiff could then appeal to the Office of Federal Operations ("OFO"), Equal Employment Opportunity Commission. *Id.*

Plaintiff submitted a statement in which she disagreed with the partial acceptance and partial dismissal of her claims. *Id.* Ex. C. The Postal Service responded to Plaintiff, acknowledging receipt of her statement but informing her that its decision remained unchanged. *Id.* Ex. D. The Postal Service reminded Plaintiff that she could raise her objections with the administrative judge if she requested a hearing, or else the issues would be decided in the Postal Service's final agency decision. *Id.* On or around May 11, 2010, the administrative judge issued a decision without a hearing in favor of the agency, concluding that Plaintiff had "failed to

3

demonstrate that the Agency unlawfully discriminated against her." *Id.* Ex. E at 11.  In the decision, the administrative judge denied Plaintiff's request to reinstate the partially dismissed issues, finding that the partial dismissal was appropriate.  *Id.* at 2 n.1.

On May 21, 2010, the agency issued a notice of final action implementing the administrative judge's decision and notifying Plaintiff that she could appeal to the OFO or file an action in district court.  *Id.* Ex. F.  Plaintiff appealed to the OFO, which affirmed the agency's action in a decision dated October 19, 2010.  *Id.* Ex. G.  The OFO held that "a preponderance of the record evidence does not establish that unlawful discrimination occurred."  *Id.* at 4.  The OFO stated that Plaintiff had not challenged on appeal the partial dismissal of her claims.  *Id.* at 4 n.2.

Plaintiff filed a complaint in district court on January 12, 2011.  Dkt. No. 1.  Plaintiff filed her FAC on May 26, 2011.  Dkt. No. 7.  Defendant filed the present motion to dismiss on June 27, 2011.  Dkt. No. 8.  Plaintiff filed her opposition on July 14, 2011, Dkt. No. 15, and Defendant filed a reply on July 21, 2011, Dkt. No. 19.

### III.  ISSUES TO BE DECIDED

In his motion, Defendant raises the following issues:

1. Whether all claims for disability discrimination alleged under Title VII in the FAC should be dismissed with prejudice because disability is not a protected class under Title VII.

2. Whether all claims for age discrimination alleged under Title VII in the FAC should be dismissed with prejudice because age is not a protected class under Title VII.

3. Whether the following allegations in the FAC should be stricken as immaterial or impertinent: from paragraph 3, the words "Age" and "Disability"; and, in paragraphs 26, 27-43, 48-61, 62-75;

4. Whether all claims in the FAC pertaining to events from 1999 should be dismissed with prejudice because plaintiff failed to exhaust remedies by abandoning those claims during her administrative appeal.

## IV.  DISCUSSION

**A.    Legal Standard**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.) "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

**B.    Application to the Case at Bar**

   1. <u>Plaintiff's Disability Discrimination Claim</u>

Plaintiff alleges disability discrimination under Title VII. *See* FAC ¶¶ 1-3.  However, "Title VII protects persons on the basis of 'race, color, religion, sex, or national origin,' it does not protect persons on the basis of disability." *Dotson v. County of Kern*, 2011 WL 902142, at

*6 (E.D. Cal. Mar. 15, 2011) (citing 42 U.S.C. §§ 2000e-2(a)(1), (m); subsequent citations omitted).  Instead, Plaintiff's "exclusive remedy for discrimination in employment by the Postal Service on the basis of handicap" lies under section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 (the "Rehabilitation Act").  *Boyd v. United States Postal Serv.*, 752 F.2d 410, 413 (9th Cir. 1985).

Here, Plaintiff has pled her disability discrimination claims under Title VII; she has not pled the Rehabilitation Act.[1]  However, in her opposition, Plaintiff asserts that, "The error can be corrected by amendment.  By inserting the rehabilitation act in place of Title VII, the pleading materials will become pertinent to the rehabilitation act."  Pl.'s Opp'n at 7:24-26, Dkt. No. 15.  As such, Plaintiff apparently concedes that her disability discrimination claims are improper under Title VII.  Accordingly, her disability discrimination claims pled under Title VII are DISMISSED WITH PREJUDICE, and the following allegations are STRICKEN from the FAC: from paragraph 3, the word "Disability"; and, in their entirety, paragraphs 26, 27-43, 48-61, and 62-75.  However, because Plaintiff's pleading could be cured by the allegation of other facts, the Court shall permit Plaintiff to file a second amended complaint to plead her disability discrimination claims under the Rehabilitation Act.

    2.    <u>Plaintiff's Age Discrimination Claim</u>

Plaintiff also alleges age discrimination under Title VII.  *See* FAC ¶¶ 1-3.  But just like disability, "age . . . is not actionable under Title VII."  *Lelaind v. City & County of San Francisco*, 576 F. Supp. 2d 1079, 1089 (N.D. Cal. 2008).  In fact, "Congress rejected proposals to address age discrimination in the Civil Rights Act of 1964."  *Smith v. City of Jackson*, 544 U.S. 228, 253 (2005).  Instead, as this Court has recognized, the Age Discrimination in Employment Act (the "ADEA") "is the exclusive remedy for age discrimination claims."  *Nnachi v. City & County of San Francisco*, 2010 WL 3398545, at *6 (N.D. Cal. Aug. 27, 2010);

---

[1] Plaintiff mentions the "ADA," presumably referring to the Americans with Disabilities Act, in the FAC at ¶ 40 and at page 14, but does not plead jurisdiction under the ADA.  In any event, a federal employee has no remedy for employment discrimination under the ADA and must instead proceed under the Rehabilitation Act.  *See Boyd*, 752 F.2d at 413; *Jordan v. Evans*, 404 F. Supp. 2d 28, 30 (D.D.C. 2005).

*see also Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1057 n.5 (9th Cir. 2009) ("Every circuit to consider the issue has concluded similarly that the ADEA is the exclusive remedy for age discrimination claims by federal employees.").

Here, Plaintiff has pled age discrimination only under Title VII. She has not pled a claim under the ADEA.[2] Therefore, her Title VII age discrimination claim is DISMISSED.

Moreover, in his motion to dismiss, Defendant argues that there are no factual allegations in the FAC supporting any age discrimination claim. Def.'s Mot. at 7:14-15. In her opposition, Plaintiff states only that she "does not oppose dismissal to age discrimination." Pl.'s Opp'n at 7:21. As Plaintiff does not dispute that the factual allegations in the FAC fail to state an age discrimination claim and, in contrast to her disability discrimination claim, she does not request leave to amend the FAC with respect to her age discrimination claim, Plaintiff's pleading could not possibly be cured by the allegation of other facts and the age discrimination claim is dismissed WITH PREJUDICE.

       3.     <u>Plaintiff's Claims of Discrimination from 1999 to April 20, 2009</u>

Plaintiff alleges that she was discriminated against from December 1999 to October 2009. *See* FAC ¶¶ 22, 75. Defendant moves to dismiss the pre-April 21, 2009 claims on the ground that Plaintiff abandoned them in her appeal to the OFO and therefore did not exhaust her administrative remedies as to those claims. Def.'s Mot. at 7:26-10:16. However, in his reply, Defendant withdraws this portion of his motion: "Based on the information contained in plaintiff's opposition and on defendant's further investigation, defendant no longer contends that plaintiff abandoned the pre-April 21, 2009, claims, and withdraws that portion of the Motion to dismiss those claims. Accordingly, the Court DENIES this portion of Defendant's motion.

## V. CONCLUSION

For the foregoing reasons, the Court (1) DISMISSES WITH PREJUDICE the Title VII disability discrimination claims in the FAC; (2) DISMISSES WITH PREJUDICE the Title VII age discrimination claims in the FAC; and (3) STRIKES from the FAC the following

---

    [2]    Plaintiff mentions the ADEA in FAC ¶ 40 but does not plead jurisdiction under it.

allegations: from paragraph 3, the words "Age" and "Disability"; and, in their entirety, paragraphs 26, 27-43, 48-61, 62-75.  The Court GRANTS Plaintiff the opportunity to file a second amended complaint to allege disability discrimination under the Rehabilitation Act. Defendant's motion with respect to Plaintiff's Claims of Discrimination from 1999 to April 20, 2009 is DENIED.

Plaintiff shall file any second amended complaint within 21 days from the date of this Order.  Defendant shall then file any responsive pleading within 14 days from the date Plaintiff files her amended complaint.  If Plaintiff does not file a second amended complaint, Defendant shall instead file an answer to the FAC.

**IT IS SO ORDERED.**

DATED: July 22, 2011

HONORABLE MARIA-ELENA JAMES
UNITED STATES CHIEF MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHIRLEY MAHONEY,

        Plaintiff,

  v.

PAT DONAHOE POSTMASTER GENERAL et al,

        Defendant.

Case Number: CV11-00177 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shirley Mahoney
1 Elysian Place
Oakland, CA 94605

Dated: July 22, 2011

                                Richard W. Wieking, Clerk
                                By: Brenda Tolbert, Deputy Clerk

Case 3:11-cv-00177-MEJ   Document 20   Filed 07/22/11   Page 10 of 10