Shirley Mahoney
1 Elysian PL
Oakland, CA 94605
Phone Number (510-418-0330)

Shirley Mahoney, IN PRO PER

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6927
    neill.tseng@usdoj.gov

Attorneys for Defendant
PATRICK DONAHOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRLEY MAHONEY,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, Postmaster General,<br>United States Postal Service,<br><br>    Defendant. | No. C 11-00177 MEJ<br><br>**STIPULATION AND [PROPOSED]<br>PROTECTIVE ORDER RE EEO<br>COMPLAINTS AND OTHER<br>CONFIDENTIAL INFORMATION<br>WHICH MAY BE PRODUCED BY<br>DEFENDANT** |

Subject to the approval of this Court, plaintiff Shirley Mahoney, *pro se*, and defendant

Patrick Donahoe, through his counsel of record in this action, hereby stipulate to the following

protective order as follows:

WHEREAS, plaintiff seeks the production of certain documents relating to EEO

complaints brought against defendant and against certain of defendant's employees;

STIP. & [PROPOSED] PROTECTIVE ORDER RE EEO COMPLAINTS & OTHER CONFIDENTIAL
INFO. WHICH MAY BE PRODUCED BY DEF.
C 11-00177 MEJ

1    WHEREAS, defendant considers the requested documents to be protected by the Privacy

2    Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a, which may not be disclosed except pursuant to

3    certain conditions, one of which is "pursuant to the order of a court of competent jurisdiction,"

4    5 U.S.C. § 552a(b)(11);

5    WHEREAS, in the course of this litigation, there may be other information that the

6    parties consider protected or confidential and desire to produce subject to a protective order;

7    WHEREAS, the parties agree that entry of the following protective order is necessary in

8    order to: (1) facilitate discovery of information without document by document controversy

9    concerning confidentiality; (2) protect employees or former employees of the United States

10   Postal Service from annoyance, embarrassment, oppression, or undue burden or expense

11   resulting from public disclosure or use for purposes other than this litigation of confidential

12   information that the parties may disclose in discovery; and (3) avoid violation of the Privacy Act;

13   THEREFORE, the parties jointly request that the Court enter the following stipulated

14   protective order pursuant to Federal Rule of Civil Procedure 26(c).

15                          **STIPULATED PROTECTIVE ORDER**

16   All documents and electronically stored information produced by defendant in response

17   to discovery requests made under the Federal Rules of Civil Procedure, or produced by defendant

18   pursuant to any initial or other disclosure requirement, which are designated in writing as being

19   "Produced Under Protective Order" (the "Protected Documents") shall be subject to the below-

20   numbered restrictions.  The Protected Documents may include but are not limited to documents

21   contained within any EEO file, medical file, injury compensation file, or personnel file of any

22   person.

23       1.    The Protected Documents and the information contained therein shall be used

24   only for the purpose of this litigation and not for any other purpose.

25       2.    Neither the Protected Documents nor the information contained therein shall be

26   disclosed to anyone other than (a) the parties; (b) the parties' attorneys of record, if any, and the

27   attorneys' staff; (c) actual or potential third-party witnesses; (d) outside experts or consultants

28

STIP. & [PROPOSED] PROTECTIVE ORDER RE EEO COMPLAINTS & OTHER CONFIDENTIAL
INFO. WHICH MAY BE PRODUCED BY DEF.
C 11-00177 MEJ                                    2

1    retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in

2    further proceedings herein; (f) stenographic deposition reporters; and (g) other persons upon

3    whom the parties mutually agree in writing.

4         3.    There shall be no reproduction of the Protected Documents, except that, as

5    required by the litigation, copies, excerpts, or summaries may be shown to those authorized in

6    Paragraph 2.

7         4.    Except as otherwise provided in Paragraphs 2 and 3, all of the Protected

8    Documents shall remain in the custody of the plaintiff or plaintiff's attorney of record, if any,

9    during the pendency of the litigation.

10        5.    Within 30 days after the final disposition of this action, plaintiff or plaintiff's

11   attorney of record, if any, shall return all of the Protected Documents, including copies, extracts

12   or summaries thereof, to defendant's counsel of record or destroy such material. "Final

13   disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this

14   action, with or without prejudice; or (2) final judgment herein after the completion and

15   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time

16   limits for filing any motions or applications for extension of time pursuant to applicable law.

17   Whether the Protected Documents are returned or destroyed, plaintiff or plaintiff's attorney of

18   record, if any, must submit a written certification to defendant's counsel of record by the 30-day

19   deadline certifying that all of the Protected Documents were returned or destroyed.

20   Notwithstanding this provision, plaintiff or plaintiff's attorney of record, if any, may retain one

21   archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

22   memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

23   and consultant and expert work product, even if such copy contains any of the Protected

24   Documents.  Any such archival copy that contains any of the Protected Documents remains

25   subject to this Protective Order as set forth in paragraph 6.

26        6.    Even after final disposition of this litigation, the confidentiality obligations

27   imposed by this Protective Order shall remain in effect unless and until defendant agrees

28

1    otherwise in writing or a Court order otherwise directs.

2         7.    This Stipulation and Protective Order is without prejudice to the right of any party

3    to seek modification of it from the Court.  It shall remain in effect until such time as it is

4    modified, amended or rescinded by the Court and shall survive termination of this action.  The

5    Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and

6    Protective Order notwithstanding the termination of this action.

7    **IT IS SO STIPULATED.**

8

9

10   DATED: _10-15-12_            By: _____
                                        SHIRLEY MAHONEY
11                                      Plaintiff In Pro Per

12
                                        MELINDA HAAG
13                                      United States Attorney

14

15   DATED: _10/16/12_           By: _____
                                        NEILL T. TSENG
16                                      Assistant United States Attorney
                                        Attorneys for Defendant
17

18   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

19

20   DATED:   October 16, 2012    _____
                                        HONORABLE MARIA-ELENA JAMES
21                                      UNITED STATES CHIEF MAGISTRATE JUDGE

22

23

24

25

26

27

28

STIP. & [PROPOSED] PROTECTIVE ORDER RE EEO COMPLAINTS & OTHER CONFIDENTIAL
INFO. WHICH MAY BE PRODUCED BY DEF.
C 11-00177 MEJ                            4