Shirley Mahoney
1 Elysian PL
Oakland, CA 94605
Phone Number (510-418-0330)

Shirley Mahoney, IN PRO PER

MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7155
FAX: (415) 436-6927
neill.tseng@usdoj.gov

Attorneys for Defendant
PATRICK DONAHOE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHIRLEY MAHONEY,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK DONAHOE, Postmaster General, United States Postal Service,<br><br>Defendant. | No. C 11-00177 MEJ<br><br>**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER RE INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATERIAL** |

Subject to the approval of this Court, plaintiff Shirley Mahoney, *pro se*, and defendant Patrick Donahoe, through his counsel of record in this action, hereby stipulate as follows:

1. The parties recognize that the defense of this action, including responding to certain discovery propounded by Plaintiff, will require Defendant to review and produce large quantities of documents, including electronically stored information, through the discovery process. As a result, documents produced to Plaintiff could inadvertently include or contain

materials subject to privilege or other legally recognized protection (hereinafter, "privileged information") and therefore not subject to production in discovery. Such inadvertent production of privileged information is possible despite due diligence and reasonable care taken to protect privileged information.

2. Absent this Protective Order, the effect of inadvertent disclosure of privileged information is not certain, given some legal precedents and guidance dealing with this issue, namely, whether privilege or protection will be deemed to have been waived by the inadvertent disclosure of privileged information.

3. If Defendant produces any document, including electronically stored information, which Defendant later claims was inadvertently produced and should not have been produced because it includes or contains privileged information, then Defendant may notify Plaintiff in writing of the claim and the basis for it, specifically identifying the affected document, and request the return of the document. If only part of the document is claimed to contain privileged information, then Defendant shall substitute a redacted version of the document at the time of requesting the return of the document. After being notified of Defendant's request for return, Plaintiff must promptly return to Defendant the document and any copies in her possession, custody or control; must not use or disclose the document until the claim is resolved; and must take reasonable steps to retrieve the document if Plaintiff disclosed it before being notified. Defendant must preserve the document until the claim is resolved. Notwithstanding the foregoing, if Plaintiff wishes to challenge the recall of a document on the ground that it does not include or contain privileged information, Plaintiff may keep one copy of the challenged document, for a period not exceeding 14 days after receiving Defendant's request for return, to present to the Court under seal for a determination of the claim. If Defendant's claim of privilege or protection is upheld by the Court, then Plaintiff must immediately return the document to Defendant. If Plaintiff does not submit the challenged document to the Court under seal for a determination of the claim before the end of the 14-day period, then Plaintiff must immediately return the document to Defendant and Plaintiff's challenge to Defendant's claim of privilege or protection will be deemed waived.

4. Inadvertent disclosure of any information or document which Defendant later claims should not have been disclosed because of any privilege or protection will not be deemed to constitute a waiver of the privilege or protection. Plaintiff agrees that she shall not claim or otherwise urge the Court to deem a privilege or protection to have been waived solely on the basis of the inadvertent disclosure of the information or document to which the privilege or protection applies.

5. Any party may at any time seek modification of this Protective Order by agreement or, failing agreement, by appropriate request or motion to the Court.

**IT IS SO STIPULATED.**

DATED: 10-20-12 By: ______________________

SHIRLEY MAHONEY
Plaintiff In Pro Per

MELINDA HAAG
United States Attorney

DATED: 10/22/12 By: ______________________

NEILL T. TSENG
Assistant United States Attorney
Attorneys for Defendant

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: October 23, 2012

______________________
HONORABLE MARIA-ELENA JAMES
UNITED STATES CHIEF MAGISTRATE JUDGE