1  MELINDA HAAG (CABN 132612)
   United States Attorney
2  ALEX G. TSE (CSBN 152348)
   Chief, Civil Division
3  NEILL T. TSENG (CSBN 220348)
   Assistant United States Attorney
4
5      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
       Telephone: (415) 436-7155
6      FAX: (415) 436-6927
       neill.tseng@usdoj.gov
7
   Attorneys for Defendant
8  PATRICK DONAHOE

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11            SAN FRANCISCO DIVISION

12

13  SHIRLEY MAHONEY,                          Docket No. C 11-00177 MEJ

14            Plaintiff,

15      v.

16  PATRICK DONAHOE, Postmaster General,      **STIPULATION AND AGREEMENT OF**
    United States Postal Service,            **COMPROMISE AND SETTLEMENT**
17                                           **AND [PROPOSED] ORDER**

            Defendant.

18
19          IT IS HEREBY STIPULATED by and between the parties, after full and open

20  discussion, that this action be settled and compromised on the following terms:

21          WHEREAS, Plaintiff filed the above-captioned action under Title VII of the Civil

    Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, and the Rehabilitation Act of 1973;
22
            WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and
23
    controversy and to settle and compromise fully any and all claims and issues that have been
24
    raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which
25
    have transpired prior to the execution of this Agreement;
26
            NOW, THEREFORE, in consideration of the mutual promises contained in this
27
    Agreement, and other good and valuable consideration, receipt of which is hereby
28
    acknowledged, the Parties agree as follows:

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No.  C 11-00177 MEJ

1.  **Settlement Amount**.  In full and final settlement of all claims in connection with the above-captioned action, defendant shall pay Plaintiff a total sum of Thirty Thousand Dollars ($30,000.00) ("Settlement Amount") which shall be allocated as One Thousand Six Hundred Forty Dollars ($1,640.00) as back pay, and Twenty Eight Thousand Three Hundred Sixty Dollars ($28,360.00) as compensatory damages.  Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiff and the IRS.  The checks will be made payable to Shirley Mahoney, and will be mailed to Defendant's counsel per Plaintiff's request.  Defendant's counsel shall notify Plaintiff when he has received the check. Plaintiff shall contact Defendant's counsel to arrange delivery of the check.   Plaintiff has been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

2.  **Release**.  In consideration of the payment of the Settlement Amount and the other terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever discharges Defendant, Patrick Donahoe, and any and all of the United States Postal Services' past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date she executes this Agreement, which arise from or relate to her employment with UNITED STATES POSTAL SERVICE.

3.  **Costs**.  The parties agree that the Settlement Amount is in  full satisfaction of all claims for costs arising from work performed by Plaintiff at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4.  **Dismissal**.  In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice,

all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff of the Settlement Amount.

5. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**. This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, Patrick Donahoe, or any of the United States Postal Services' past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiff's complaint in this action.

8. **Tax Liability**. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum received herein, Plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**. The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind

the Agreement and pursue her original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**.  Each party hereby stipulates that it is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof.  For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**.  The signatories to this Agreement have actual authority to bind the parties.

14. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**.  Plaintiff acknowledges that she has up to twenty-one (21) calendar days from the dates she receives this Agreement to review and consider this Agreement, discuss it with an attorney of her choice, and decide to sign it or not sign it, although she may accept or return it to Defendant's counsel at any time within those twenty-one (21) days.  Plaintiff is advised to consult an attorney about the Agreement.

15. Once Plaintiff signs and dates this Agreement, she will have seven (7) days in which to revoke her acceptance.  To revoke, Plaintiff must send a written statement of revocation, which should be mailed _and_ faxed to:

1  |  Neill Tseng
       United States Attorney
2  |  450 Golden Gate Avenue, Box 36055
       San Francisco, CA 94102-3495
3  |  Fax: 415-436-6927

4      Plaintiff understands that if she revokes, this Agreement shall have no effect.  If

5  Plaintiff does not revoke, this Agreement will become effective on the eighth (8th) day ("the

6  Effective Date") after the date Plaintiff signs and dates this Agreement.

7

8  DATED: _11-29-12_

    SHIRLEY MAHONEY
9      Plaintiff Pro Se

10

11 DATED: _11/29/12_

    NEILL T. TSENG
    Assistant United States Attorney
12     Attorney for Defendant

13 DATED: _11-29-12_

    KRISTEN L. WALSH
14     Agency Representative

15

16     PURSUANT TO STIPULATION, IT IS SO ORDERED.

17 Dated: _December 11, 2012_

    HON.  MARIA-ELENA JAMES
18     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28